IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES KNOX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 03-1166-GMS |
| | ) |
| THOMAS CARROLL, Warden, | ) |
| | ) |
| Respondent. | ) |

James Knox. *Pro se* petitioner.

Loren C. Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondent.

**MEMORANDUM OPINION**

November 30, 2005
Wilmington, Delaware



FILED
NOV 3 0 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Sleet, District Judge

## I. INTRODUCTION

Petitioner James Knox ("Knox") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. He has filed the pending petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I. 2.) For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In September 2000, a Kent County grand jury indicted Knox for the offenses of first degree unlawful sexual intercourse (11 Del. C. Ann. § 775) and endangering the welfare of child (11 Del. C. Ann. § 1102(a)(1)(a)). The charges stemmed from Knox's sexual intercourse in April and May of 1997 with his then nine-year-old stepdaughter. As recounted in the police reports, the abuse came to light in late July 2000.

In February 2001, Knox, with the assistance of counsel, pled guilty to the lesser included offense of second degree unlawful sexual intercourse. The plea agreement was entered pursuant to the provisions of Delaware Superior Court Criminal Rule 11(e)(1)(c). (D.I. 14, State's Motion to Affirm in *Knox v. State*, No. 150,2003, at 2.) The Superior Court sentenced him to twenty years at Level V imprisonment, suspended after the ten year minimum mandatory term for an additional ten years of decreasing levels of probation.

Knox did not file a direct appeal from his February 2001 conviction and sentence. He did, however, file a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). His Rule 61 motion, and an amended Rule 61 motion, asserted one claim of ineffective assistance of counsel and five additional claims of legal error.

1

After Knox's defense counsel filed a response to the allegations, a Superior Court Commissioner recommended denial of the motion. The Superior Court adopted the Report and Recommendation in February 2003. *State v. Knox*, 2003 WL 751182 (Del. Super. Ct. Feb. 26, 2003). Knox appealed, and the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion. *Knox v. State*, 826 A.2d 298 (Table), 2003 WL 21456287 (Del. June 17, 2003).

In December 2003, Knox filed in this court a petition for the writ of habeas corpus, raising seven claims for relief. (D.I. 2.) The State filed an answer, asking the court to dismiss the petition because five claims do not warrant relief under § 2254(d)(1), one claim is procedurally barred, and one claim is not cognizable on federal habeas review. (D.I. 11.) Knox filed a response challenging the State's arguments on substantive grounds and also alleging that his procedural default of one claim was due to his misunderstanding of the Truth in Sentencing form. (D.I. 15.)

Knox's petition is ready for review.

### III. GOVERNING LEGAL PRINCIPLES

#### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford,* 538 U.S. at 206.

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL

3

1897290, at *2 (D. Del. Dec. 22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although the failure to exhaust state remedies may be excused, unexhausted claims are still procedurally defaulted. *Lines,* 208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional

4

dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States,* 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### C. Standard of Review Under AEDPA

If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 412 (2000); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir. 2001). A claim is considered to have been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties claims, with *res judicata* effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn,* 355 F.3d 233, 247 (3d Cir.

5

2004)(internal citations omitted), *reversed on other grounds by Rompilla v. Beard*, – U.S. – , 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005).

When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV. DISCUSSION

Knox asserts the following seven grounds for relief in his petition: (1) defense counsel provided ineffective assistance by: failing to investigate exculpatory information, failing to interview any corroborating witnesses, and erroneously telling petitioner he would receive "early release credits" if he pled guilty; (2) the terms of the plea agreement have not been fulfilled because he is not earning good time credit as envisioned by the language contained in the Truth-in-Sentencing Guilty Plea Form; (3) his confession was coerced; (4) his defense counsel coerced him into entering the plea agreement; (5) his August 2, 2000 arrest was illegal because the statement used to secure the warrant was made during his illegal detention on August 1, 2000; (6) he was denied representation during the August 1, 2000 police interrogation; and (7) the Superior Court abused its discretion in denying his Rule 61 motion without first affording him an evidentiary hearing.

### A. Claims one and four: ineffective assistance of counsel

In his first claim, Knox asserts the following allegations regarding his counsel's deficient performance: (1) counsel failed to investigate exculpatory information; (2) counsel failed to interview any corroborating witnesses; and (3) counsel erroneously told petitioner that he would receive "early release credits" if he pled guilty. Knox's fourth claim asserts that his counsel's ineffectiveness coerced his guilty plea, that his counsel threatened him, and that his counsel told him the wrong trial date, causing him to believe he had to accept the plea agreement or it would be "too late."

The record reveals that Knox exhausted state remedies for these ineffective assistance of counsel allegations by presenting them to the Delaware Supreme Court in his post-conviction appeal. The Delaware Supreme Court denied these claims as meritless. Therefore, the court must apply the deferential standard provided by § 2254(d)(1) and determine whether Delaware Supreme Court's decision was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

The "clearly established Federal law" which governs ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must demonstrate both that: (1) counsel's performance fell below an objective standard of reasonableness measured under prevailing professional norms; and (2) counsel's deficient performance actually prejudiced the petitioner's case; in other words, there is a reasonable probability that, but for counsel's faulty performance, he would have decided to proceed to trial. *Hill v. Lockhart*, 474 U.S. 52, 57, 59

7


(1985); *Strickland*, 466 U.S. at 690; *Dooley v. Petsock*, 816 F.2d 885, 891-92(3d Cir. 1987). In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260; *Dooley*, 816 F.2d at 891-92. Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Here, the Delaware Supreme Court identified *Strickland* as the appropriate standard to apply and concluded that the Superior Court did not err in finding that Knox had failed to satisfy the two-part test in *Strickland*. *Knox*, 2003 WL 21456287, at **2. Consequently, the state supreme court's denial of Knox's ineffective assistance of counsel claims was not "contrary to" clearly established Federal law. *Williams*, 529 U.S. at 406 (holding that when a "run-of-the-mill state-court decision applie[s] the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case," the decision is not "contrary to" that precedent).

The court must also determine whether the state court's rejection of Knox's ineffectiveness claims involved an "unreasonable application of" *Strickland*. *See* 28 U.S.C. § 2254(d)(1). "The unreasonable application test is an objective one – a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005)(citing *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003)). Rather, a federal habeas court must objectively evaluate the state court decision on the merits and determine whether the state court reasonably applied the correct rule to the specific facts of the petitioner's case. *See Williams*, 529 U.S. at 409, 412-13; *Matteo*, 171 F.3d at 891.

Knox's first two interrelated allegations are that his counsel failed to investigate exculpatory information and interview any corroborating witnesses. When a petitioner alleges his counsel provided ineffective assistance by failing to interview or investigate a potential witness, he must identify the potential witness and indicate the type of testimony to be obtained from such witness. *See, e.g., Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991); *Lewis v. Mazurkiewicz*, 915 F.2d 106, 115 (3d Cir. 1990). Here, Knox's Response to the State's Answer contends that his other five children were potential witnesses who could have refuted the statement made to the police by the victim's brother (Knox's step-son). (D.I. 14, Op. Br. in *Knox v. State*, No. 150,2003, at 14.) His brief also asserts that he "stated to counsel that he was not the perpetrator the defendant [sic] other children were the only potential witnesses who could have offered contradictory testimony to [the victim's] statement. These witnesses also had the potential to corroborate facts given to [counsel] by the defendant." *Id.*

The state record includes statements made to the police by Knox, the victim, the victim's brother, and Knox's wife. In his statement, Knox denied having sexual intercourse with his step-daughter, but described several incidents where the girl allegedly initiated sexual contact with him. He also told police of one brief episode of fellatio with his step-daughter, but he claimed that he had only engaged in the episode while asleep and thinking that it was with his wife; once he woke up and realized he was with his step-daughter, he stopped the sexual contact.

The victim's brother gave a statement to the police describing two incidents. The first incident was recounted to him by the victim, and involved the same incident of fellatio described by Knox. The second incident ("birthday incident") involved the brother's own independent observation of a time when his step-father "took the victim into a bedroom and told the other

9

kids to stay out because he wanted to talk to the victim about her upcoming birthday. [The brother] recalled that the victim went into the bedroom with a purple shirt and came out wearing a pink shirt. He later asked her about the shirt and she told him that she threw up when the defendant made her suck his dick." (D.I. 14, Appendix to Appellant's Op. Br. in *Knox v. State*, No.150, 2003, Statement of Witness 003.)

The victim's statement to the police recounted several instances of sexual contact with Knox, including the birthday incident described by her brother. *Id.* at Statement of Victim 001.

Knox believes that his five children would have contradicted his step-son's police statement regarding the birthday incident. However, Knox does not explain whether these witnesses would have stated that Knox and the victim never entered a bedroom alone, or whether they would have stated that the victim did not exit the bedroom in a shirt different from the one she was wearing when she first entered the bedroom. Further, in his Rule 61 affidavit, Knox's attorney provided letters demonstrating Knox's "bizarre" and self-serving stories offered in an attempt to prove his non-involvement in the sexual abuse incidents. (D.I. 14, State's Motion to Affirm in *Knox v. State*, No. 150,2003, Exh. 1.) Given the three credible statements given to the police by the victim, her brother, and Knox himself, Knox's attorney could reasonably have believed that interviewing Knox's five children would not have proven fruitful.

Further, Knox has not satisfied the prejudice prong of *Strickland* and *Hill*. Neither his state court filings nor his habeas petition indicate how his decision to plead guilty was affected by his counsel's failure to question the potential witnesses or investigate the possible exculpatory evidence. *See Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). In fact, Knox stated on the Truth-in-Sentencing ("TIS") Guilty Plea Form and during his plea colloquy that he entered

his plea voluntarily and that he was satisfied with his counsel's performance. He also answered affirmatively when the Superior Court judge asked if he was, in fact, guilty of the charge. These statements were made in open court, and indicate Knox's satisfaction with his counsel's performance. *See Mitchell v. U.S.,* 526 U.S. 314, 322 (1999)("statements or admissions made during the preceding colloquy are later admissible against the defendant."). As stated by the United States Supreme Court:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). Thus, the Delaware Supreme Court did not unreasonably apply *Strickland* and *Hill* in denying Knox's ineffective assistance of counsel claims regarding his counsels failure to investigate exculpatory evidence or interview potential corroborating witnesses.

Knox also claims that defense counsel erroneously told him that he could receive good time credits to reduce his minimum mandatory ten year sentence. Although an attorney's failure to adequately inform the defendant about considerations relevant to his decision to accept or deny the plea agreement can constitute deficient performance, *see Davis v. Greiner,* - F.3d -, 2005 WL 2500690, at *6 (2d Cir. Oct. 11, 2005), the record refutes Knox's assertion.

During the plea colloquy, defense counsel stated to the court that he had informed Knox that no good time credit was available on the ten year minimum sentence. During the same colloquy, Knox told the judge that he understood the charge carried a ten year minimum

11

mandatory sentence. Thus, even if defense counsel misstated the availability of good time credits, this mistake was corrected during the plea colloquy. *See United States v. Thomas*, 470 F. Supp. 968, 971 (E.D. Pa.), *aff'd*, 612 F.2d 575 (3d Cir. 1979)(Table).

Knox, however, argues that the statements made during the plea colloquy contradict the statements contained in the TIS guilty plea form. This argument is without merit and does not help his position. The TIS guilty plea form only advises the defendant that there is no parole and that he can *earn no more than* ninety days of "early release credit" each year; it does not state that he is *entitled to* "early release credit." (emphasis added)

Knox further contends that defense counsel "coerced" him into pleading guilty. However, simply advising a defendant to plead guilty is not coercion; an attorney's function is "to persuade his client to take that course which, to the attorney, in the light of his experience, appears to be the wisest." *Devers v. People of State of California*, 422 F.2d 1263, 1264 (9th Cir. 1970). Here, if Knox had proceeded to trial, he could have received a life sentence for first degree unlawful sexual intercourse. *See* 11 Del. C. Ann. § 775, 4205(b)(1)(Repl. 1995)(first degree unlawful sexual intercourse classified as class A felony punishable by fifteen years to life). Knox himself never alleges that there was any chance of acquittal. By pleading guilty, Knox received a ten year prison sentence, and other charges (filed in Kent and Sussex counties) were dropped.[1] Because the difference between life imprisonment and a ten-year term is substantial, recommending a plea in this situation appears to have been the "wisest choice." Thus, the Delaware Supreme Court did not unreasonably apply *Strickland* or *Hill* in denying this claim.

---

[1] Charges of witness tampering and violation of bond conditions were filed in Kent and Sussex counties. (D.I. 11, at 2.)

12

Finally, Knox's assertions regarding his counsel's alleged threats are conclusory and unsupported. Further, he has not provided concrete support demonstrating that he would not have pled guilty if not for his counsel's alleged threats and misinformation about his trial date. *See Wells v. Petsock*, 941 F.2d 253, 259-260; *Dooley*, 816 F.2d at 891-92 (holding that a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal of his ineffective assistance of counsel claim). Thus, the court will dismiss this claim for failing to overcome the "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

### B. Claim two: terms of the plea agreement

In his second claim, Knox contends that he is not earning good time credit as envisioned by the language on the TIS guilty plea form. Knox exhausted state remedies by presenting this claim to the Delaware Supreme Court on appeal from the denial of his Rule 61 motion. Nevertheless, the State contends that federal habeas review is precluded because the Delaware state courts rejected the claim on an independent and adequate state procedural ground.

The court agrees that it is procedurally barred from reviewing this claim on the merits. The Superior Court explicitly found the claim procedurally defaulted under Delaware Superior Court Rule 61(i)(3). *Knox*, 2003 WL 751182, at *1 (Knox did not assert the claim at the plea, sentencing, or on direct appeal, and because he failed to demonstrate that his counsel provided ineffective assistance, he did not establish cause or prejudice excusing his procedural default). The Delaware Supreme Court affirmed the Superior Court's judgment "on the basis of the Superior Court's order." *Knox*, 2003 WL 21456287, at **2 (Del. Jun.17, 2003). The Delaware Supreme Court did not mention Knox's claim regarding the terms of the plea agreement.

13

Nevertheless, absent proof that the state supreme court reached the merits of this claim, the court is bound to presume that the Delaware Supreme Court's unexplained decision rested on the same procedural default grounds as the Superior Court's decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Hull v. Freeman*, 991 F.2d 86, 89 (3d Cir. 1993)( "[U]nder *Ylst*, a federal court faced with an unexplained state court order should 'look through' to the previous state court judgment on the same claim and presume that the unexplained order rests on the same ground as that judgment"). Consequently, the court presumes that the Delaware Supreme Court denied the instant claim as procedurally barred under Delaware Superior Court Criminal Rule 61(i)(3).

The dismissal under Rule 61(i)(3) constituted a plain statement that the courts' decisions rested on state law grounds. *Harris v. Reed*, 489 U.S. 255, 263-65 (1989); *see Ylst v. Nunnemaker*, 501 U.S. 797 (1991). This court has consistently held that Delaware Superior Court Criminal Rule 61 is an independent and adequate state ground precluding federal habeas review. *See Maxion v. Snyder*, 2001 WL 848601, at *10 (D. Del. July 27, 2001)(all sub-parts of Rule 61 constitute independent and adequate state procedural grounds); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997), *rev'd on other grounds by Dawson v. Snyder*, 234 F.3d 1264 (3d Cir. 2000). As such, the court cannot provide federal habeas review of this claim unless Knox establishes cause for his procedural default and actual prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to review this claim. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 860-61 (3d Cir. 1992).

Knox appears to assert his counsel's ineffective assistance as cause for his procedural default. An ineffective assistance of counsel claim can only establish cause for a procedural

14

default if it is determined that counsel did, in fact, provide constitutionally ineffective assistance. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *Edwards v. Carpenter*, 529 U.S. 446, 451-51 (2000). As previously explained, the court has concluded that Knox's ineffective assistance of counsel claim is meritless. Therefore, counsel's actions do not excuse Knox's procedural default.

Knox has not asserted any other cause for his failure to present this claim in his post-conviction appeal. In the absence of cause, the court does not need to reach the question of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Nevertheless, Knox cannot establish prejudice because his contention is baseless. The language of the plea agreement does not promise that Knox *will earn* any good time credits; rather, the language indicates that *if* good time credits can be earned, the credit will be limited to 90 days.[2] The TIS guilty plea form, signed by Knox, also states that the minimum mandatory penalty for his sentence is ten years. (D.I. 14, State's Motion to Affirm in Knox v. State, No. 150, 2003, at Exh. E.) In Delaware, a minimum mandatory sentence cannot be reduced by good time credit. *See, e.g., Pleasanton v. State*, 817 A.2d 791, 793 (Del. 2003). Thus, Knox was not eligible for good-time credits.

Further, during the plea colloquy, defense counsel said that he told Knox a minimum mandatory sentence could not be reduced by good time credit. The plea colloquy transcript does not indicate that Knox objected to this statement or that he was confused about the good time credit issue. Because the guilty plea agreement does not contain the terms as alleged by Knox,

---

[2]The TIS guilty plea form states: "Do you understand that, if incarcerated, you will not be eligible for parole, and the amount of early release credits which you **may** earn will be limited to a maximum of ninety (90) days per year?" (D.I. 14, State's Motion to Affirm in Knox v. State, No. 150, 2003, at Exh. E.) (emphasis added)

15

there is no issue of "nonfulfillment." Thus, Knox has failed to demonstrate prejudice resulting from his procedural default.

Knox also has not demonstrated that a fundamental miscarriage of justice will result from failure to review this claim. Accordingly, the court is procedurally barred from reviewing claim two.

### B. Claims Three, Five, and Six: illegal confession and arrest

In claims three and six, Knox contends that his confession was coerced and that he was denied representation during his August 1, 2001 police interrogation. Claim five contends that his arrest on August 2, 2001 was illegal because it was based on his illegally obtained statement on August 1, 2001. The State correctly acknowledges that Knox exhausted state remedies for these claims by presenting them to the Delaware Supreme Court in his direct appeal. The Delaware Supreme Court denied these claims as meritless. Consequently, federal habeas relief will not be warranted unless this decision is either contrary to, or an unreasonable application of, clearly settled Federal law as established by the United States Supreme Court. *See* § 2254(d)(1).

The first step in the § 2254(d)(1) inquiry is to determine the clearly established Supreme Court precedent governing the issue at the time of petitioner's conviction. It is well-settled that a "an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty." *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983); *Tollett v. Henderson*, 411 U.S. 258 (1973). A defendant who entered a guilty plea "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Tollett*, 411 U.S. at 267; *see also Hill v. Lockhart*, 474 U.S. 52, 56-8 (1985).

16

Here, the Delaware Supreme Court first determined that Knox's guilty plea was not the product of ineffective assistance of counsel, and then concluded that Knox had waived the right to challenge his confession and arrest because he had voluntarily and knowingly entered a guilty plea. *Knox*, 2003 WL 21456287, at ** 2. This conclusion is neither contrary to, nor an unreasonable application, of *Tollett*. Thus, claims three, five, and six do not warrant habeas relief under § 2254(d)(1).

### C. Claim seven: state post-conviction proceedings

Knox's final claim is that the Superior Court should not have denied his Rule 61 motion without first affording him an evidentiary hearing. This claim fails to present an issue cognizable on federal habeas review because it alleges an error in a state collateral proceeding. *See Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"); *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998); *Gattis v. Snyder*, 46 F. Supp. 2d 344, 384-85 (D. Del. 1999)(citing cases). Thus, the court will dismiss this claim.

### V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without

17

reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

The court concludes that Knox's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Knox's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES KNOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 03-1166-GMS |
| | ) | |
| THOMAS CARROLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. James Knox's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 1.)

2. The court declines to issue a certificate of appealability.

Dated: November 30, 2005

_____
UNITED STATES DISTRICT JUDGE



FILED

NOV 3 0 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE